UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------
  KENNETH ENG,

                         Plaintiff,

           -against-

  CREATORS OF THE PHILOSORAPTOR
  WEBSITE,

                         Defendants.
------------------------------------------
```

14-CV-4948 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 17 U.S.C. § 501, alleging copyright infringement.  By order dated July 24, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*.  The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that the website "The Philosoraptor" (http://www.philosoraptor.com), has infringed on one of his characters, Philosoraptor, from his book "The 0th Dimension."  Plaintiff claims that both his and Defendants' characters are anthropomorphic raptors.  He alleges that his

book was written in 2003, published in 2007 by FurNation, and again published in 2012 by

Double Dragon Publishing.  Plaintiff further alleges that he is unable to ascertain information

about the creators of the website but noted that there appears to be copyright notice dated 2000,

but that he cannot verify its validity.  He brings this action seeking monetary damages.

## DISCUSSION

### A.    Copyright Claim

A plaintiff asserting a copyright claim infringement must show (1) ownership of a valid

copyright; and (2) copying of constituent elements of the work that are original.  *Feist Publ'n,*

*Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).[1]  A plaintiff with a valid copyright

proves infringement by demonstrating that: "(1) the defendant has actually copied the plaintiff's

work; and (2) the copying is illegal because a substantial similarity exists between the

defendant's work and the protectible elements of plaintiff's."  *Peter F. Gaito Architecture, LLC v.*

*Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (citation and internal quotation marks

omitted).  "[A] copyright does not protect an idea, but only the expression of an idea."  *Williams*

*v Crichton*, 84 F.3d 581, 587 (2d Cir. 1996) (internal quotation marks omitted).  The Court must

therefore determine "whether the similarities shared by the work are something more than mere

generalized ideas or themes."  *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48-49 (2d Cir.

1986)).

Plaintiff fails to allege that he has a registered copyright with respect to the work at issue.

Section 411(a) of the Copyright Act provides that "no action for infringement of the copyright in

any United States work shall be instituted until registration of the copyright claim has been made

---

[1] The statute of limitations for copyright violations is three years.  *See* 17 U.S.C. § 507(b). A
cause of action accrues when a plaintiff knows or has reason to know of the injury upon which
the claim is premised.  *Merchant v. Levy*,  92 F.3d 51, 56 (2d Cir. 1996) (citing *Stone v. Williams,*
970 F.2d 1043, 1048 (2d Cir. 1992)).

in accordance with this title."  17 U.S.C. § 411(a).  Thus, unless certain exceptions apply, copyright registration is a condition that a plaintiff "must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions."  *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010); *see also Newton v. Penguin/Berkley Publ'g USA*, No. 13-CV-1283 (CM), 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) ("The Supreme Court has held that this provision imposes a 'precondition' to filing a claim for copyright infringement."); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-CV-2669 (LAP), 2012 WL 1021535, at *2 (S.D.N.Y. Mar. 26, 2012) (noting that § 411(a) imposes a "necessary precondition" to a copyright action); *Home & Nature, Inc. v. Sherman Specialty Co., Inc.*, 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (noting that alleging copyright registration is pleading requirement).  Because Plaintiff does not allege that he has a valid copyright for the character that was allegedly infringed, he fails to state a copyright claim.[2]

Even if Plaintiff had a properly registered copyright, his allegations are still insufficient to state a claim.  Plaintiff fails to allege facts suggesting that his material and Defendants' material are substantially similar.  In determining whether two works are substantially similar, courts in this Circuit apply the "ordinary observer test," asking whether a lay observer would consider that "the protectible elements, standing alone, are substantially similar."  *Williams v. Chrichton*, 84 F.3d 581, 587 (2d Cir. 1996).  The works must share a similarity of expression, such as "similarities of treatment, details, scenes, events and characterization," *Reyher v. Children's Television Workshop*, 533 F.2d 87, 91 (2d Cir. 1976), or a similarity in their "total concept and feel," *Williams*, 84 F.3d at 588.  Plaintiff bases his claim solely on the fact that both

---

[2] Plaintiff's allegations suggest that Defendants may have a valid copyright for their character, which appears to predate Plaintiff's book.  He alleges that the website appears to have a copyright notice dated 2000, while his book was written in 2003 and first published in 2007.

characters are anthropomorphic raptors and in the use of the name Philosoraptor; those allegations are not a sufficient basis for a valid infringement claim.  Plaintiff does not allege any facts to support an inference that his character is substantially similar to the Defendants' anthropomorphic raptor – *i.e.*, substantially similar in treatment, scenes, characterization or concept and feel – rather than merely sharing "generalized ideas or themes."  *Walker*, 784 F.2d at 48-49.  In addition, he cannot assert copyright infringement for the use of the name Philosoraptor, because a name alone is not protected by copyright law.  *See* 37 C.F.R. § 202.1(a); *Ward v. Andrews McMeel Pub., LLC*, 963 F. Supp.2d 222, 232 (S.D.N.Y. 2013).  Plaintiff's copyright infringement claim must be dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Plaintiff's Litigation History**

Plaintiff has an active litigation history.  In 2008, he was convicted in the United States District Court for the Eastern District of New York of a civil rights violation arising from escalating racially motivated threats, assaults, and acts of stalking perpetrated against a fellow New York University student, and he was sentenced to five years' probation.  *See United States v. Eng*, No. 08-CR-0066 (E.D.N.Y. Aug. 1, 2008).  After his probation period ended, Plaintiff filed a civil action against his probation officers.  *See Eng v. Carter*, No. 13-CV-4855 (ENV) (LB) (E.D.N.Y. Nov. 26, 2013) (dismissed for failure to state a claim upon which relief may be granted).  Plaintiff has also filed several other cases in the federal courts in New York, including many copyright actions.  *See Eng v. Pacermonitor.com*, No. 14-CV-3912 (E.D.N.Y. July 15, 2014) (dismissing copyright action for failure to state a claim and warning that further frivolous lawsuits could result in a filing injunction or monetary sanctions); *Eng v. Cushing*, No. 14-CV-3905 (E.D.N.Y. July 15, 2014) (same); *Eng v. Bellevue Hosp.*, No. 14-CV-2516 (S.D.N.Y. July 8,

2014) (dismissed for failure to state a claim); *Eng v. Radio Comix*, No. 14-CV-3810 (E.D.N.Y. June 30, 2014) (dismissing copyright action for failure to state a claim and warning that further frivolous lawsuits could result in a filing injunction or monetary sanctions); *Eng v. Burger*, No. 14-CV-3632 (E.D.N.Y. June 30, 2014) (same); *Eng v. Captain Blue Hen Comics*, No. 14-CV-3631 (E.D.N.Y. June 30, 2014) (dismissing copyright action without prejudice and warning that further frivolous lawsuits could result in a filing injunction or monetary sanctions); *Eng v. Baldwin*, No. 14-CV-1644 (ENV) (LB) (E.D.N.Y. June 30, 2014) (copyright claim dismissed for failure to state a claim);  *Eng v. Officer X*, No. 14-CV-4036 (E.D.N.Y. filed June 27, 2014); *Eng v. Creators of the Website Impishidea*, No. 14-CV-4952 (S.D.N.Y. filed June 18, 2014) (copyright action); *Eng v. Polodnick*, No. 14-CV-4675 (S.D.N.Y. filed June 12, 2014) (copyright action); *Eng v. Linde*, No. 14-CV-4677 (S.D.N.Y. filed June 12, 2014) (copyright action); *Eng v. Reichardt*, No. 14-CV-1502 (E.D.N.Y. June 10, 2014) (copyright and civil rights claims dismissed for failure to state a claim); *Eng v. RFR Realty*, No. 14-CV-2485 (LAP) (S.D.N.Y. May 27, 2014) (dismissed for lack of subject matter jurisdiction); *Eng v. Casey*, No. 14-CV-3734 (S.D.N.Y. filed May 8, 2014) (copyright action); *Eng v. Dixon*, No. 14-CV-1501 (ENV) (LB) (E.D.N.Y. May 6, 2014) (dismissed as time-barred and for failure to state claim); *Eng v. B3 Legal*, No. 14-CV-2442 (JPO) (S.D.N.Y. filed Apr. 7, 2014); *Eng v. Corrections Dep't of NYC*, No. 14-CV-2365 (LAP) (S.D.N.Y. filed Mar. 27, 2014); *Eng v. City of New York*, No. 06-CV-5206 (VM) (HBP) (S.D.N.Y. May 11, 2007) (settled).  Plaintiff has been warned by the Eastern District against the filing of repeated frivolous complaints – particularly those alleging copyright infringement. *See Eng v. Pacermonitor.com*, No. 14-CV-3912 (E.D.N.Y. July 15, 2014) (dismissing copyright action for failure to state a claim and warning that further frivolous lawsuits could result in a filing injunction or monetary sanctions); *Eng v. Cushing*, No. 14-CV-

3905 (E.D.N.Y. July 15, 2014) (same); *Eng v. Radio Comix*, No. 14-CV-3810 (E.D.N.Y. June 30, 2014) (same); *Eng v. Burger*, No. 14-CV-3632 (E.D.N.Y. June 30, 2014) (same); *Eng v. Captain Blue Hen Comics*, No. 14-CV-3631 (E.D.N.Y. June 30, 2014) (dismissing copyright action dismissed without prejudice and warning that further frivolous lawsuits could result in a filing injunction or monetary sanctions).

In light of Plaintiff's litigation history, as the Eastern District has done already, this Court now warns Plaintiff that the continued filing of frivolous or meritless lawsuits will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission.  *See* 28 U.S.C. § 1651.  This warning is necessary in light of Plaintiff's failure to heed the Eastern District's warnings on the continued filing of frivolous and meritless lawsuits.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and to mail a copy of this order to Plaintiff.  Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff is warned that the further filing of frivolous or meritless complaints will result in an order barring him from filing new actions *in forma pauperis* without prior permission.  *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated:  September 16, 2014
       New York, New York

LORETTA A. PRESKA
Chief United States District Judge

7